FILED
FEB 0 9 2011

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

COLUMBIA STATE BANK, a state chartered
bank, as successor-in-interest to the Federal
Deposit Insurance Corporation, Receiver
for Columbia River Bank,

      Plaintiff,

  v.

DAYBREAK ESTATES, LLC, an Oregon
limited liability company; PRIMELAN
PROPERTIES, INC.; GARY SANDERS, an
individual; DARWIN C. RASMUSSEN, an
individual; ROY K. NELSON and IRIS E.
NELSON, Trustees of the Nelson Trust dated
November 8, 1990; and PARTIES IN
POSSESSION OR CLAIMING RIGHT TO
POSSESSION,

      Defendants.

  And

ROY K. NELSON and IRIS E. NELSON,

Case No.: 10-CV-1284-AC

FINDINGS AND
RECOMMENDATION

Page 1- FINDINGS AND RECOMMENDATION                       *{SIB}*

Trustees of the Nelson Trust dated November 8, 1990,

      Cross-Claim Plaintiffs,

  v.

DAYBREAK ESTATES, LLC, an Oregon limited liability company; PRIMELAN PROPERTIES, INC.; and DARWIN C. RASMUSSEN, an individual,

      Cross-Claim Defendants

  And

ROY K. NELSON and IRIS E. NELSON, Trustees of the Nelson Trust dated November 8, 1990,

      Third-Party Plaintiffs,

  v.

SECURITY TITLED GUARANTY COMPANY and FIDELITY NATIONAL TITLE COMPANY, a Colorado Corporation.

      Third-Party Defendants.

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

On June 14, 2010, Columbia State Bank ("Columbia") filed an action in state court seeking to foreclose on real property in which Roy K. Nelson and Iris E. Nelson, as Trustees of the Nelson Trust dated November 8, 1990 ("Nelsons"), claimed an interest. Columbia named the Nelsons, as well as Daybreak Estates, LLC; Primelan Properties, Inc.; Gary Sanders; and Darwin C. Rasmussen,

Page 2- FINDINGS AND RECOMMENDATION               {SIB}

as defendants in the action (collectively "Defendants"). In their answer filed September 16, 2010, the Nelsons asserted a counterclaim against Columbia for declaratory relief, crossclaims against co-defendants Daybreak Estates, LLC; Primelan Properties, Inc.; and Rasmussen (the "Rasmussen Defendants") for violation of Oregon's Vulnerable Person Statute, fraud, rescission, and declaratory relief, and third-party claims against Security Title Guaranty Company and Fidelity National Title Company (the "Third-Party Defendants") for negligence and violation of Oregon's Vulnerable Person Statute.

On October 18, 2010, the Third-Party Defendants filed a notice of removal (the "Notice") seeking to remove the action to federal court asserting the existence of diversity jurisdiction. In the Notice, the Third-Party Defendants allege they are Colorado corporations, and that, upon information and belief, Columbia is domiciled in the state of Washington and Defendants are all domiciled in the state of Oregon. The Third-Party Defendants further allege that Columbia has obtained default judgments against all the defendants except the Nelsons and that the Nelsons have sought defaults on their cross-claims against the Rasmussen Defendants.

Presently before the court is the Nelsons' motion to remand this action to Washington County Circuit Court. In support of their motion, the Nelsons argue that only original defendants are authorized to remove actions under 28 U.S.C. § 1441(a) or, in the alternative, that Third-Party Defendants failed to follow the statutory procedures required for removal or establish that this court has jurisdiction over the underlying claims. The Nelsons also seek attorney fees and costs under 28 U.S.C. § 1447(c). This court finds that third-party defendants do not fall within the definition of "defendants" as that term is used in 28 U.S.C. 1441(a) and are, therefore, not entitled to remove actions from state court under that statute. This court recommends the Nelsons' motion for remand

be granted and all other motions[1] be denied as moot.

*Legal Standard*

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Such removal can be based on either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. § 1441(b) (2007). When a plaintiff feels that an action has been improperly removed to federal court, a motion to remand is appropriate. 28 U.S.C. § 1447(c) provides:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

The removal statute is strictly construed and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The presumption against removal jurisdiction means "the defendant always has the burden of establishing that removal is proper." *Id.*

*Discussion*

I. Motion to Remand

The primary inquiry here is whether a third-party defendant has the statutory authority to remove an action to federal court under 28 U.S.C. § 1441(a). Both parties acknowledge that the Ninth Circuit has yet to address this specific issue.

---

[1] These other motions include the Nelsons' motion to strike the Third-Party Defendants' opposition brief for failing to confer as required by LR 7-1(a), combining two motions in the opposition brief in violation of LR 7-1(b), and filing the opposition brief fourteen days late.

The Nelsons argue that the phrase "the defendant or the defendants" as used in § 1441(a) should be construed to include only original defendants thereby limiting the right to remove an action to federal court to the defendants named in the original complaint. This view is supported by the majority of courts that have decided the issue, as well as at least one treatise. *See Palisades Collection LLC v. Shorts*, 552 F.3d 327, 332 (4th Cir. 2009)("For more than fifty years, courts. . . have consistently refused to grant removal power under § 1441(a) to third-party defendants. . . ."); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002)("The majority view is that third-party defendants are not "defendants" for purposes of § 1441(a)."); 16 MOORE'S FEDERAL PRACTICE, § 107.11[1][b][iv] (3rd ed. 2010)("[T]hird-party defendants are not *defendants* within the meaning of the removal statute . . . .") The reasons generally given for a restrictive construction of the phrase are the presumption against removal and resulting obligation to strictly construe removal statutes and the deference to be given to a plaintiff's choice of forum. *Palisades*, 552 F.3d at 333-35 ("This conclusion is consistent with the well-established principled that '[w]e are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated' and that 'if federal jurisdiction is doubtful, a remand to state court is necessary.'")(citations omitted); *Orosco v. Royal Roofing Co., Inc.*, No. C 97-3022 FMS, 1997 WL 724456, at *1 (N.D. Cal. Nov. 12, 1997)("The interest in preserving a plaintiff's choice of forum is buttressed by defining 'defendant' in the original complaint, not in subsequent third-party complaints."); 16 MOORE'S FEDERAL PRACTICE, § 107.11[1][b][iv] (3rd ed. 2010)("The better view, consistent with the principal that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove.")

The Third-Party Defendants concede that the majority view limits the parties authorized to remove an action under § 1441(a) to original defendants, but they urge this court to adopt the minority view that third-party defendants are entitled to remove actions filed in state court under this subsection. The Third-Party Defendants cite to six cases in support of this argument. Of these six cases, only two resulted in a denial of the motion to remand, and both of those cases are easily distinguishable from that currently before the court.

In *Cent. of Georgia Ry Co. v. Riegel Textile Corp.*, 426 F.3d 935 (5th Cir. 1970), the court allowed the removal of a state court action under 42 U.S.C. § 1441(a) by a third-party defendant based on diversity jurisdiction where the state court had severed the primary complaint from the third-party complaint prior to removal. The Fifth Circuit recognized that "cases are hopelessly divided on whether and under what circumstances a third-party defendant may remove to federal court" and acknowledged the concern expressed by Moore in his treatise that "the filing of a third party action should not be allowed to defeat the plaintiff's choice of forum" but then allowed the removal of the severed third-party complaint to federal court. *Id.* at 938. The court reasoned that where the state court has separated the two actions prior to removal, the plaintiff's choice of forum is not affected. Here, the state court has not severed the third-party action from the primary action. The Third-Party Defendants have removed the collective action to this court. Accordingly, the reasoning of the Fifth Circuit in allowing the removal a third-party complaint to federal court is not applicable to this action.

The second case cited by Third-Party Defendants in which the court denied the motion to remand is *H & H Terminals, LC v. R. Ramos Family Trust*, LLP, 634 F. Supp. 2d 770 (W.D. Tex. 2009). There, the court addressed a motion to remand filed by a third-party defendant named in a

Page 6- FINDINGS AND RECOMMENDATION                                    {SIB}

complaint filed after removal of the action by the primary defendant. The third-party defendant relied on 28 U.S.C. § 1448, which allows a defendant served after a case is removed to either accept the removal or move to remand back to state court. *Id.* at 774. The court looked to cases defining the term "defendant" in 28 U.S.C. § 1441(a) as instructive on the proper definition of that term in § 1448 and adopted the majority view that third-party defendants are excluded from the term "defendant" in the statute. *Id.* This interpretation of the statute, coupled with the general tenets that a plaintiff's choice of forum is entitled to deference and that legislation creating federal jurisdiction should be construed narrowly, provided support for the court's holding that a third-party defendant is not entitled to move to remand an action under § 1448. *Id.* at 775-777. While this case is distinguishable based on the fact that the third-party defendant was attempting to remand, not remove, the action, the ultimate holding supports the Nelsons' position that the term "defendants" should be construed to include only original defendants in the removal as well as the remand statute.

In another case cited by Third-Party Defendants, the district court for the Eastern District of California found that a third-party defendant had the right to remove a state court action under 28 U.S.C. § 1441(c), but then remanded the action because the primary and third-party action were based on the same injury and were not "separate and independent" as required under § 1441(c). *Coleman v. A & D Mach. Co.*, 298 F.Supp. 234 (E.D. Cal. 1969). The district court referenced a "clearcut split of authority as to whether a third party defendant has the right to remove" and quoted from the following material in *Moore's Federal Practice* as support for the position that § 1441 does not authorize removal on the basis of a third party claim:

> The purely statutory right of removal is a limited right that is not to be expanded by judicial construction. If the original defendants have no right to remove the plaintiff's suit, or if the original defendants have chosen not to exercise their right

Page 7- FINDINGS AND RECOMMENDATION                                            {SIB}

of removal, why should an ancillary defendant to an ancillary claim be construed, absent an express statutory declaration, to have the right to remove and defeat the main parties' choice of the state forum? We believe that the joinder of claims under § 1441(c) is limited to the plaintiff's claims, and for the reasons expressed concerning counterclaim and cross-claim defendants, we believe that a third party defendant is not a defendant within the meaning of 1441.

We do not * * * believe § 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the introduction of a third-party claim. Removal on such a basis is too much akin to the tail wagging the dog. Moreover, third-party claims in one view are too ancillary to the main action to be classified as separate and independent claims.

*Id.* (quoting *1A Moore's Federal Practice* 1052-53 (1965)). The court then rejected Moore's reasoning and found that the more uniform approach was to allow third-parties to remove state actions under § 1441(c). *Id.* at 236. The court distinguished § 1441(c) from subsections (a) and (b) based on the absence of the term "defendant" in subsection (c), noted that because the district court used its discretion to remand all but the cross-claim in virtually every instance in which a third-party defendant was allowed to remove, "the tail is left wagging only the tail", and reasoned that generally third-party claims are made in the context of indemnification and an attempt to shift the entire liability to the third party which begs the question of "[w]hich action then is the tail and which the dog?" *Id.* Despite finding that third-party defendants had the authority to remove under § 1441(c), the district nonetheless remanded the action after determining that the third-party claim was not separate and independent from the original claim as both arose from the same defect in the same machine. *Id.* at 237.

As with *Reigel*, the reasoning of the district court in *Coleman* is easily distinguishable. The version of 42 U.S.C. § 1441(c) in effect in 1969 and relied on by the *Coleman* court provided that:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable

> claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

*Id.* at 235. The statute has since been amended to limit the causes of action to which it applies to those "within the jurisdiction conferred by section 1331 of this title" or to "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1441(c) and 1331 (2007). Clearly, actions based on diversity jurisdiction are no longer removable under 28 U.S.C. § 1441(c) and the reasoning of the *Coleman* court is not applicable to the case at hand for this reason. This is further supported by the fact that the Third-Party Defendants have removed this action under § 1441(a), not § 1441(c). Additionally, the Coleman court tacitly acknowledged that third-party defendants may not remove state court actions under § 1441(a) by specifically distinguishing it from § 1441(c) based on the absence of the term "defendant" in subsection (c).

In the remaining three cases cited by the Third-Party Defendants, the courts remanded cases removed from state court under § 1441 for various reasons. In *O'Halloran v. University of Washington*, 856 F.2d 1375 (9th Cir. 1988), the Ninth Circuit remanded an action removed by a third-party defendant based on its finding that the third-party complaint merely alleged a breach of contract claim and was not within the original jurisdiction of the federal courts. The Ninth Circuit specifically stated that "because we find there was no federal jurisdiction over the third-party complaint, we need not reach the interesting question whether third-party defendants are defendants for purposes of the removal statute." *Id.* at 1381. In two cases from California, the district courts held that removal of state actions by other than the primary defendants were not appropriate. *See Ciolono v. Ryan*, No. C03-1396-TEH, 2003 WL 21556959, at *3 (N.D. Cal. July 9, 2003)(court recognized majority view and great weight of district court authority in the Ninth Circuit and held

that "[a]s there is no reason to diverge from this well-established approach, the Court finds that Hawley, third-party defendant, cannot remove this case under section 1441(a)."); *Foster Poultry Farms, Inc. v. Int'l Bus. Mach.'s Corp.*, No. CIV-F-06-0680 AWI SMS, 2006 WL 2769944 (E.D. Cal. Aug. 1, 2006)(court remanded case removed by a primary co-defendant finding that removal of a portion of a state court action not allowed under § 1441 when federal jurisdiction is based on diversity).

Clearly, none of the cases referenced by the Third-Party Defendants support their argument that third-party defendants should be considered "defendants" under the language of § 1441(a) and allowed to remove actions from state to federal court based on the existence of diversity jurisdiction. Further undermining the Third-Party Defendants' argument that this court should adopt this minority view is the fact that numerous district courts within the Ninth Circuit, including this one, have adopted the majority view and held that only original defendants are entitled to remove actions under Section 1441(a).

Last year, this court addressed the issue of whether a counterclaim defendant has the right to remove a case to federal court. *Merrill Lynch Commercial Finance Corp. v. Hemstreet*, Civil No. 09-1061-HA, 2010 WL 723551 (D. Or. March 1, 2010). Judge Haggerty quoted the "well-reasoned" decision of the Fourth Circuit in *Palisades Collections, LLC v. Short*, 552 F.3d 327 (4th Cir. 2008) which "held that a counterclaim defendant has no right to remove [a] case to federal court, since it is not a 'defendant' in the traditional sense of the term," and explained that:

> additional counter-defendants, like third-party defendants, are certainly not defendants against whom the original plaintiff asserts claims. Thus, we easily conclude that an additional counter-defendant is not a "defendant" for purposes of § 1441(a). * * * Congress has show the ability to clearly extend the reach of removal status to include counter-defendants, cross-claim defendants, or third-party

Page 10- FINDINGS AND RECOMMENDATION                                          {SIB}

> defendants. In crafting § 1441(a), however, Congress made the choice to refer only to the "the defendant or the defendants," a choice we must respect.

*Hemstreet*, 2010 WL 723551, at *1-2 (*quoting Palisades Collections*, 552 F3d at 333)(citations and internal quotations omitted). Judge Haggerty then concluded that counterclaim defendants are not defendants and lack the power to remove an action from state court. *Hemstreet*, 2010 WL 723551, at *2. A number of other district courts within the Ninth Circuit have specifically held that a third-party defendant is not entitled to remove a state action to federal court under 28 U.S.C. § 1441(a) including *United Collection Service, Inc. V. Donaldson*, No. C06-545JLR, 2006 WL 1307899, at *1 (W.D. Wash. May 9, 2006)(A third-party defendant "may not remove to federal court because it is not a 'defendant' for the purposes of 28 U.S.C. § 1441(a)."); *Ribelin Lowell & Co. Ins. Brokers of Alaska, Inc. v. Shipowners Mutual Protection and Indemnity Ass'n*, 365 F. Supp. 2d 1063, 1064 (D. Ala. 2005)("[T]hird-party defendants are not 'defendants' for purposes of § 1441(a)."); and *Orosco v. Royal Roofing Co., Inc.*, No. C 97-3022 FMS, 1997 WL 724456, at *1 (N.D. Cal. Nov. 12, 1997)("Accordingly, third-party defendants cannot remove pursuant to section 1441(a) because a third-party defendant is not a 'defendant' under section 1441(a).").

This court adopts the majority position that the phrase "the defendant or the defendants" in § 1441(a) is limited to the original defendant or defendants and that third-party defendants lack the authority to remove state court actions under this statute. Where, as here, a party seeks to expand the federal court's jurisdiction, such request should be rejected in the absence of clear supporting authority. As noted by the Fourth Circuit in *Palisades*, "[t]his conclusion is consistent with the well-established principle that '[w] are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated.'" *Palisades*, 552 F.3d at 333-34 (*quoting Md. Stadium*

Page 11- FINDINGS AND RECOMMENDATION                    {SIB}

*Auth. v. Ellerbe Becket Inc.*, 407 F.3d 225, 260 (4th Cir. 2005)).  Accordingly, the Third-Party Defendants improperly removed this action to federal court and the Nelsons' motion to remand should be granted. As this court lacks jurisdiction over this action, it will not address the Nelson's alternative arguments or the Third-Party Defendants' request to sever the primary complaint from the third-party complaint.

II.  Attorney Fees

The Nelsons seek reimbursement costs and expenses, including attorney fees, pursuant to 28 U.S.C. § 1447(c).  Under the statute "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c) (2007).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal ultimately is unsuccessful.  *Lussier v. Dollar Tree Stores*, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).  Something more, such as frivolousness, is required.  *Id.* at 1065-66 (citing *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999-1000 (9th Cir. 2006)).  "Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. at 141 (citations omitted).

Based on the record as a whole, including the hearing on the Nelson's motion for remand, the court recommends the denial of the Nelson's motion for costs and expenses incurred on remand. While the question of whether a third-party defendant is authorized under 28 U.S.C. § 1441(a) to remove an action from state court has been addressed by many courts, neither the Ninth Circuit nor

this district has ruled on this specific issue. Accordingly, the Third-Party Defendants' removal still had some merit in this district. Further, the court is sufficiently satisfied that the Third-Party Defendants had a good faith belief that the case could be properly removed. Thus, although the court has adopted the majority view and determined that a third-party defendant is not a "defendant" and does not have the authority to remove an action under § 1441(a), the mere fact that the court rejected the Third-Party Defendants' arguments does not amount to objective unreasonableness for purposes of attorney fees under § 1447(c).

The court's conclusion that attorney fees should not be awarded here takes into account counsels' responses to the court's questions at hearing regarding the timing of the default judgments, the order vacating those judgments, the discussion about a possible stipulated remand to state court, and the discussion whether an order of default against a party (without a subsequent judgment of default or a dismissal order) eliminates that party from the diversity analysis. The court also considered the Nelsons' arguments that the Third-Party Defendants violated other statutory removal requirements by disregarding the local defendant rule in 28 U.S.C. § 1441(b), failing to obtain the consent of all defendants to the removal, and predicating removal on information and belief. However, removal of a state action to federal court by a third-party defendant based on diversity jurisdiction, and the formal statutory requirements applicable thereto, are areas of law on which the Ninth Circuit has not ruled. Some courts have found such removal proper, albeit none involves circumstances such as those in the present, thus giving credence to Third-Party Defendants' position. And, the record here is not entirely clear regarding the precise timing of the removal and the state court's file regarding the order vacating the default. Thus, on balance, the court cannot conclude that, in the context of this record, Third-Party Defendants did not have a reasonable basis for

Page 13- FINDINGS AND RECOMMENDATION                                                              {SIB}

removing this action when they effected removal on October 15, 2010. Accordingly, the court finds that the Third-Party Defendants' filing of the Notice was not frivolous or objectively unreasonable, and that attorney fees are not warranted in this instance.

*Conclusion*

The Nelsons' motion (#4) to remand should be GRANTED and request for attorney fees should be DENIED.

Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **February 24, 2011**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 9th day of February, 2011.

_____
JOHN V. ACOSTA
United States Magistrate Judge